IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | |
|---|---|
| BARRY G. AARON, ) | |
| ADC # 97176 ) | |
|     Petitioner, ) | **Case No. 5:12-CV-00150 JMM-JTK** |
| v. ) | |
| ) | |
| RAY HOBBS, Director, ) | |
| Arkansas Department of Correction ) | |
|     Respondent. ) | |

## PROPOSED FINDINGS AND RECOMMENDATIONS

### Instructions

The following recommended disposition has been sent to United States District Court Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## Disposition

BEFORE THE COURT is the Petition for Writ of Habeas Corpus filed by Barry G. Aaron (Doc. No. 2). After reviewing the parties' briefing and the available evidence, the Court finds that Petitioner's claims should be DISMISSED.

## Background

Petitioner was given two consecutive life sentences on October 26, 1993, after he was found guilty of kidnapping and rape by a Miller County (Arkansas) jury. He subsequently appealed his conviction to the Arkansas Supreme Court and made the following arguments: 1) his equal protection and due process rights were violated because he was not provided with the assistance of a serologist for his defense, or, in the alternative, his counsel was ineffective for failing to purse Petitioner's *pro se* motion for appointment of an expert; 2) it was plain error to allow admission of the P-30 test for semen, or, in the alternative, his counsel was ineffective for

failing to pursue Petitioner's *pro se* motion; 3) it was plain error to admit clothing seized from Petitioner's house during a warrantless search, or, in the alternative, his counsel was ineffective for pursuing his motion; 4) the trial judge erred when he refused to grant a mistrial based on a comment made by the arresting officer that could have lead the jury to believe Petitioner had been arrested before; and 5) it was error to sentence Petitioner as a habitual offender when he was not subject to such punishment during his first trial (which was reversed and remanded on other grounds).  On January 23, 1995, the Arkansas Supreme Court affirmed his conviction, finding that Petitioner's first three arguments were not preserved for appeal because he never obtained a ruling on those arguments, his fourth argument was without merit and not preserved, and his fifth argument was without merit. *Aaron v. State*, 319 Ark. 320, 891 S.W.2d 364 (1995).

On March 17, 1995, Petitioner sought postconviction relief pursuant to Ark. R. Crim. P. 37.1, arguing that 1) a clerical error rendered the criminal information against him void, 2) his trial counsel was ineffective for failing to investigate the prosecution's improper wording in the criminal information, and 3) trial counsel was ineffective for failing to object to the exclusion of an essential element in the jury instruction.  On July 21, 1995, Petitioner filed an amended petition, which added an ineffective assistance claim based on trial counsel's failure to obtain a ruling on Petitioner's *pro se* motion requesting appointment of a serologist.  Both petitions were denied on August 28, 1995.  Petitioner filed a notice of appeal on September 18, 1995, but it does not appear that any further actions were taken.

On March 13, 2002, Petitioner filed two state habeas motions pursuant to Ark. Code Ann. §§ 16-112-201 et. seq. (habeas corpus based on new scientific evidence) in the trial court. Those motions were denied in 2011, and his subsequent appeals were dismissed on March 15, 2012. *Aaron v. State*, 2012 Ark. 125, 2012 WL 859705.  The court held that the original motions

were untimely and the evidence Petitioner wished to be tested was available at trial, so there was no basis for seeking new testing of that evidence. It also found that the decision not to test the semen was a tactical strategy that the defense chose because he wanted the jury to infer that the victim had sex with someone else before the encounter with Petitioner. His request for rehearing was denied on May 24, 2012.

## Discussion

Petitioner argues that he is entitled to relief pursuant to 28 U.S.C. § 2254 because he received ineffective assistance when his trial counsel failed to seek DNA testing of the semen found on the victim. However, his claim fails because it is barred by the statute of limitations and without merit.

Section 2244 requires state habeas petitioners to file their petitions within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Petitioner filed his Rule 37 petition within ninety days of the Arkansas Supreme Court's denial of his direct appeal, the relevant starting date would normally have occurred on August 29, 1995, the day after his Rule 37 petition was denied by the circuit court. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653 (2012) (explaining that prisoners who do not seek review from the Supreme Court fall under the "expiration of the time for seeking such review" prong and that the date of a state court's mandate is irrelevant for federal habeas purposes); Fed. R. Civ. P. 6(a)(1)(A) (excluding from the time computation the day of the event that triggers the time period). However, habeas petitions concerning pre-AEDPA final judgments were given a one-year grace period that ended on April 24, 1997. *Ford v. Bowersox*, 178 F.3d 522, 523 (8th Cir. 1999). The current petition was not filed until April 26, 2012.

4

Petitioner argues that the Supreme Court's decision in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), excuses the untimeliness of his petition because it is a new constitutional right under 28 U.S.C. § 2244(d)(1)(C), and the limitations period did not begin running until after March 20, 2012. *Martinez* held that inadequate assistance of counsel at the initial step of postconviction review could establish cause for a prisoner's procedural default of an ineffective assistance of trial counsel claim. However, this exception was found only under narrow circumstances, which the Eighth Circuit has held do not exist in Arkansas. *See Dansby v. Norris*, 682 F.3d 711, 729 (8th Cir. 2012). The Supreme Court recently expanded the scope of *Martinez*'s holding in *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), but there is nothing in either of these cases to indicate the Supreme Court intended the statute of limitations to be affected. Whether a claim is procedurally defaulted is a completely distinct question from whether it is barred by the AEDPA's statute of limitations. There is also no reason to believe that *Martinez* would trigger the provisions of 28 U.S.C. § 2244(d)(1)(C). *Martinez* merely gave prisoners a chance to have federal courts entertain ineffective assistance of trial counsel claims that had not been properly presented to the state courts because they had been unable to bring the claim during direct appeal and were prevented from doing so during postconviction review due to ineffective assistance. Petitioner was able to present a variation of his current argument during postconviction review, and the lack of counsel during that attempt does not excuse the seventeen-year delay in bringing his federal habeas action.

Nor is equitable tolling appropriate in this case. "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also*

*Rues v. Denney*, 643 F.3d 618, 621 (8th Cir. 2011).  Given the circumstances, Petitioner cannot blame his lack of diligence on lack of counsel or the holding in *Martinez*.

Petitioner's claim is most likely procedurally barred as well, but the Eighth Circuit has not yet explained whether *Trevino* applies to Arkansas convicts.  The Court will not attempt to resolve this question because Petitioner's claim is plainly time barred and without merit. *See McKinnon v. Lockhart*, 921 F.2d 830, 833 n. 7 (1990) (per curiam) (stating that it may be more efficient to resolve habeas issues on the merits rather than on the grounds of procedural default); *Williams v. Norris*, 612 F.3d 941, 953 (8th Cir. 2010).

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 2) be, and it is hereby, dismissed, with prejudice.  The relief prayed for is DENIED.

The Court will not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

SO ORDERED this 5th day of August, 2013.

_____
United States Magistrate Judge